IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER GREEN, on behalf of himself and others similarly situated,

    Plaintiff,

v.

PEST ELIMINATORS, INC., a Florida Profit Corporation, and CONRAD BURNS, individually,

    Defendants.

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTOPHER GREEN ("Plaintiff"), on behalf of himself and others similarly situated, files this Complaint against Defendants, PEST ELIMINATORS, INC., a Florida Profit Corporation ("Pest Eliminators") and CONRAD BURNS ("Burns") (Pest Eliminators and Burns are collectively "Defendants"), and states as follows:

**INTRODUCTION**

1. Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from

pilfering the wages rightfully earned by their employees. *See Billingsley v. Citi Trends, Inc.*, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2.  This is a collective action brought pursuant to 29 U.S.C. § 216(b) and by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendants arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

3.  Defendants operate as a pest control company and provide services to their customers in southwest and central Florida.

4.  Defendants employed Plaintiff and other similarly situated pest control technicians but failed to pay them the appropriate overtime pay under the FLSA.

5.  Defendants have a company-wide policy whereby they require their non-exempt pest control technicians to work more than forty (40) hours per work week, but do not compensate their pest control technicians at a rate that is one and one-half times their regular rate of pay for most, if not all, of the hours that they work over forty (40) each week.

6.  These violations stem in part from the illegal practice whereby Defendants automatically deducted thirty (30) minutes from pest control technicians' hours worked for a lunch break regardless of whether the pest control technician took a thirty (30) minute break.

7.  Additionally, if a pest control technician worked over forty (40) hours during the work week—Defendant failed to compensate the pest control technician

at a rate that was one and one half times his/her regular rate of pay for the hours worked over forty (40).

8.  Defendants' practice of failing to compensate Plaintiff and other similarly situated pest control technicians at a time and one-half rate for all of the hours that they over forty (40) each week violated the overtime provisions of the FLSA.

9.  Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendants at any time during the relevant period before this Complaint was filed up to the present ("Class Members").

## JURISDICTION

10.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

11.  The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

12.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, located within the Middle District of Florida.

## PARTIES

13. At all times material hereto, Plaintiff was a resident of Charlotte County, Florida.

14. At all times material hereto, Pest Eliminators was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Port Charlotte, Florida.

15. At all times material hereto, Pest Eliminators was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

16. At all times material hereto, Plaintiff was an "employee" of Pest Eliminators within the meaning of the FLSA.

17. Upon information and belief, at all times material hereto, Defendant Burns was an individual resident of the State of Florida.

18. At all times material hereto, Defendant Burns was the President of Pest Eliminators.

19. At all times material hereto, Defendant Burns owned and operated Pest Eliminators.

20. At all times material hereto, Defendant Burns had the authority to hire and fire employees of Pest Eliminators.

21. At all times material hereto, Defendant Burns regularly determined the rates of pay for the employees of Pest Eliminators.

22. At all times material hereto, Defendant Burns regularly determined the work schedules for the employees of Pest Eliminators.

23. At all times material hereto, Defendant Burns controlled the finances and operations Pest Eliminators.

24. At all times material hereto, Defendant Burns was Plaintiff's "employer" as defined by 29 U.S.C. § 201, *et seq.*

25. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

26. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

27. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, pest control chemicals, which were used directly in furtherance of Defendants' commercial activity of operating a pest control company.

28. At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendants' commercial activity of operating a pest control company.

29. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

30. Plaintiff worked for Defendants from approximately 2017 through February 2021.

31. While employed by Defendants, Plaintiff worked as pest control technician.

32. Until approximately 2018, Plaintiff was paid an hourly rate of pay.

33. Thereafter, Defendants switched Plaintiff's compensation to $650 per week.

34. Plaintiff's duties included spraying customer properties, treating inside residential homes, setting pest traps, and maintaining chemicals.

35. Plaintiff maintained the same duties throughout the duration of his employment.

36. In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours.

37. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours in a given work week.

38. Specifically, Defendants automatically deducted thirty (30) minutes for a lunch break from Plaintiff's hours worked each work day regardless of whether Plaintiff took a thirty (30) minute break.

39. Additionally, Plaintiff worked a significant number of overtime hours each week, but Defendant failed to compensate him at a rate that was one and one-

half times his regular rate of pay for the hours that he worked over forty (40) each week.

40. Defendants' practice of failing to compensate Plaintiff and other similarly situated pest control technicians at a time and one-half rate for all of the hours that they worked over forty (40) each week violated the overtime provisions of the FLSA.

41. Plaintiff should have been, and should be, compensated at a rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

42. Defendants have violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants;

   b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated.

44. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendants as pest control technicians within three (3) years prior to the commencement of this lawsuit.

45. As part of their regular business practices, Defendants intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis.

46. Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) hours.

47. The FLSA Class Members perform or have performed the same or similar work as Plaintiff.

48. The FLSA Class Members were paid under the same or a similar compensation plan as Plaintiff.

49. In particular, Plaintiff and the FLSA Class Members all worked as pest control technicians who were not compensated at the time and one-half rate for all of the hours that they worked over forty (40) each week.

50. Many FLSA Class Members regularly work or have worked in excess

of forty (40) hours during a workweek.

51. However, the FLSA Class Members uniformly suffered from Defendants' thirty (30) minute auto deduct policy.

52. Additionally, the FLSA Class Members uniformly suffered from the same policy whereby Defendants failed to compensate them for all overtime hours if they worked over forty (40) in most, if not all, work weeks.

53. The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

54. As such, the FLSA Class Members are similar to Plaintiff in that they share substantially similar job duties, compensation plan, and the denial of overtime wages.

55. Defendants' failure to pay overtime compensation at the rate as required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

56. All FLSA Class Members, irrespective of their particular job requirements, are entitled to proper overtime compensation for hours worked in excess of forty (40) hours during each workweek.

57. The named Plaintiff and the FLSA Class Members held the same primary duties and were compensated in violation of the FLSA.

58. As such, the class of similarly situated Plaintiffs are properly defined as follows:

**All current and former "pest control technicians" who were**

**employed by Pest Eliminators, Inc. within the last three (3) years who worked in excess of forty (40) hours in one or more workweeks but were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks as required by the FLSA.**

57. Specifically, despite the fact the numerous pest control technicians brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employment, Defendants refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

58. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices:

   a. case law;

   b. the FLSA, 29 U.S.C. § 201, *et seq*.;

   c. Department of Labor Wage and Hour Opinion Letters; or

   d. the Code of Federal Regulations.

59. During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce, or in the production of goods and services for commerce, within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a work week.

60. Defendants' failure to compensate the FLSA Class Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess

of forty (40) hours in a workweek results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

61. Defendants acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

62. Plaintiff realleges and reincorporates paragraphs 1 through 61 as if fully set forth herein.

63. Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

64. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

65. Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

66. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

67. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have

known, such was, and is due.

68. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

69. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

70. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b. An Order compelling Defendants to disclose the names and addresses of all FLSA Class Members and permitting Plaintiff to send notice of this action all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Class Members of their right to join and participate in this lawsuit;

c. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and FLSA Class Members the full amount of damages and liquidated damages available by law;

d. Overtime compensation for all hours worked over forty (40) hours in a work week at the applicable time and one-half rate;

e. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

f. Awarding Plaintiff pre-judgment and/or post-judgment interest;

g. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

h. Such other relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  March 21, 2022.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email:	cventura@forthepeople.com

*Attorney for Plaintiff*